# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DANIEL BROWN (# L5248)**                                                                                 **PLAINTIFF**

**v.**                                           **No. 1:08CV96-A-A**

**ATTALA COUNTY SHERIFF'S DEPT.**
**SHERIFF WILLIAM LEE**                                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Daniel Brown, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff's claims arise out of an incident in which an inmate attempting to clear a clogged drain mixed together several chemicals and accidentally caused the release of noxious fumes into the Attala County Jail. For the reasons set forth below, all of the plaintiff's claims except delay of medical care shall be dismissed for failure to state a constitutional claim.

### Factual Allegations

On January 4, 2008, John Bently, an inmate at the Attala County Jail mixed some chemicals together in an attempt to unclog a drain at the jail. The mixture of chemicals caused the release of a noxious gas throughout the jail. Inmates began screaming for help[1], and Jailor Stan Murray attempted to release them. Murray was, however, overcome by the fumes and had to retreat. Inmate George Winters donned an oxygen mask, and Murray handed him the keys. Winters then released the inmates, coughing and retching, onto the exercise yard. Several

---

[1]The plaintiff was an inmate at the Attala County Jail at the time, but he could not scream because he was overcome by the fumes.

inmates fell unconscious. The affected inmates were transported to Monfort Jones Hospital for treatment; fifteen of them were treated in the emergency room. The inmates were given medication intravenously and were also given oxygen. After their treatment at the hospital, the inmates received prescriptions, but jail personnel never had those prescriptions filled. Sheriff William Lee met with the inmates the next day to discuss the incident and how it affected their health. The inmates, including the plaintiff, told Sheriff Lee that their lungs, throats, backs and sides hurt from the gas poisoning. Sheriff Lee then had the inmates transported back to the hospital for a second examination, after which the medical staff provided more prescriptions. Again, jail personnel never had the prescriptions filled. The hospital staff also recommended having the inmates return for a follow-up examination in seven days. The jail staff never took the inmates back to the hospital for such an examination.

## Discussion

Any claims the plaintiff might have regarding the chemical spill itself, *e.g.*, permitting inmate John Bently to handle cleaning chemicals, sound in negligence, which cannot state a claim for relief under 42 U.S.C. § 1983. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, these claims shall be dismissed with prejudice. In addition, a sheriff's department is not an entity capable of being sued under 42 U.S.C. § 1983; as such the plaintiff's claims against the Attala County Sheriff's Department shall also be dismissed with prejudice.

The plaintiff has, however, stated a claim against the sole remaining defendant, Sheriff William Lee, for his alleged failure to ensure that the inmates exposed to the noxious gas had

their prescriptions from the hospital filled and received their medications. This claim is one for denial of medical treatment (or at least delay in providing medical treatment). As such, the plaintiff's claim against Sheriff William Lee for denial of medical treatment shall proceed. A final judgment consistent with this memorandum opinion shall issue today.

     **SO ORDERED,** this the ___31st___ day of July, 2008.

                                        ___/s/ Sharion Aycock___
                                        **U. S. DISTRICT JUDGE**