IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DANIEL BROWN (# L5248)**                                                                     **PLAINTIFF**

v.                                                                              **No. 1:08CV96-A-A**

**ATTALA COUNTY SHERIFF'S DEPT.**
**SHERIFF WILLIAM LEE**
**JAILOR STAN MURPHY**                                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the prisoner complaint of Daniel Brown, who, through counsel, challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Brown's claims arise out of the release of a chemical gas when an inmate was attempting to clear a drain in the shower and the medical treatment the inmates received afterwards. The court has already dismissed the Brown's claims against the defendants regarding the chemical spill itself, as well as his claims against the Attala County Sheriff's Department. Brown's sole remaining claim is that defendants Lee and Murphy failed to ensure he received medication allegedly provided by the hospital after Brown's first treatment there. The defendants have moved for summary judgment on this claim. Brown has responded, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted and the instant case dismissed for failure to state a claim upon which relief could be granted.

## Undisputed Material Facts[1]

On January 4, 2008, Brown was exposed to vapors from household chemicals after another inmate attempted to unclog a drain at the Attala County Jail. *Compl.*, ¶ III. On the evening of his chemical exposure, he was asleep and awoke at approximately 7:30 p.m. because he had trouble breathing. *Plaintiff's Depo.*, p. 23-24. He had trouble breathing because of fumes released from another inmate's efforts to unclog the drain. *Id.* at p. 25. The fumes caused him to suffer a burning sensation in his lungs. *Id.* at p. 25.

After about thirty minutes, the plaintiff and other inmates were escorted out of the Attala County Jail into the Jail yard. *Id.* About fifteen minutes later, the plaintiff was taken to a local hospital for examination and treatment. *Id.* at p. 28. Neither Sheriff Lee nor Jailor Murphy accompanied the plaintiff to the hospital on the evening of the incident. *Id.* at p. 29, 31; *Affidavit of William Lee*, ¶ 6; *Affidavit of Stan Murphy*, ¶ 4-5.

When Brown arrived at the hospital, he provided a nurse with personal information; then he and another inmate were shackled together and taken back to an examination area where a nurse asked Brown about his condition. *Plaintiff's Depo.*, p. 32. The nurse started Brown on an IV of Solumedrol and gave him Maalox. *Id.* at p. 34. A physician then examined Brown and stated that Brown "needed medication." *Id.* at p. 36. Neither the Sheriff nor Murphy were present when the nurse or doctor examined and treated Brown. *Id.* at p. 31-32; 36.

Brown alleges that a nurse prepared bags of medication for the inmates and that he was not given such a bag. *Id.* at 36. No one told Brown that a bag of medication had been prepared

---

[1] The court, for the purposes of this memorandum opinion only, shall accept these facts as true and view them in the light most favorable to the plaintiff (the non-moving party).

for him. Instead, Brown overheard a nurse tell Deputy Nail that she had bags of medication ready for the inmates. *Id*. When the nurse asked Deputy Nail whether she should give the bags directly to the inmates, Nail said that she should give the bags to him. *Id.* 36-37. No hospital staff gave Brown or the jail staff a written prescription for Brown to receive medication. *Id.* Brown does not know whether any medications had been prepared for him specifically, never saw any bags of medication, and does not know what medication such bags might have contained. *Id.*

After being discharged from the Emergency Room on January 4, 2008 (the same night he was admitted) Brown returned to the Attala County Jail. *Id*. at p. 37-38. On January 5, 2008, the day after the exposure, Sheriff William Lee came to Brown's cell to check on him and the other inmates. *Id*. at p. 40. Brown told Sheriff Lee, "I ain't had no medication." *Id*. Brown testified at his deposition that he told Sheriff Lee that he knew that "they had some [medication] in the bag for us, [and] I didn't get none." *Id*.

The Sheriff then directed that Brown and several other inmates be taken back to the emergency room because of continued complaints of discomfort. *Affidavit of Sheriff Lee*, ¶ 5; *Plaintiff's Depo.*, p. 41-42. Neither Sheriff Lee nor Jailor Murphy accompanied the plaintiff on this second trip to the hospital. *Plaintiff's Depo.*, p. 45; *Affidavit of William Lee*, ¶ 6; *Affidavit of Stan Murphy*, ¶ 4-5. During his second emergency room visit, Brown was examined again, administered an EKG, given Tylenol and Maalox, then discharged. *Id*. at 45-47. After Brown's examination during this second visit to the hospital, the doctor did not prescribe any medication to take with him back to the jail. *Id*. at 46-47.

**Discussion**

Brown claims that the two remaining defendants, Sheriff William Lee and Jailor Stan Murphy, failed to ensure that he received medications provided in bags by the hospital. He argues that this failure rises to the level of a violation of the Eighth Amendment prohibition against cruel and unusual punishment. This claim fails for two reasons. First, neither Lee nor Murphy had any personal involvement with obtaining such medication from the hospital or transporting the medication to the jail. Second, this claim fails for want of admissible proof to support it.

*Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, Brown does not allege that Sheriff Lee or Jailor Murphy had any personal involvement or were causally connected to the alleged incident. Neither defendant was present at the hospital when the plaintiff alleges the unknown medications were given to jail personnel, and each has submitted an affidavit stating that he had no knowledge of such medication. In addition, the plaintiff's medical records contain no entries showing that such medication was provided for him. As such, the plaintiff's claim that defendants Lee and Murphy failed to provide him with necessary medication shall be dismissed for failure to state a constitutional claim.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard applies to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as this one, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*,

989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Brown's claim for delay in medical care fails for want of admissible proof to support it. Brown overheard a conversation between a nurse and a jail employee at the hospital. As this is an out-of-court statement used to prove the truth of the matter asserted, it constitutes hearsay and cannot be used to support the plaintiff's claim during consideration of the summary judgment motion. Even if the statement could be used, it merely shows the nurse's intent to collect medication in bags and pass them on to the inmates through jail staff. The plaintiff does not know whether the bags were ever put together, whether a bag was intended for him, what medication might have been in the bag, how it might have helped him, or why (if such a bag was put together for him) he did not receive it when he got back to the Attala Count Jail. Finally, the plaintiff returned to the Attala County Jail the very next day, was examined by a physician, underwent an EKG, and received more medication at the hospital. There is no record that Brown complained about the absence of the medication – or requested it. After this second treatment, the physician decided not to provide Brown additional medication or a prescription for drugs to be administered at the jail. The plaintiff has alleged no harm from the delay of less than 24 hours between his first treatment and the second, as such, his claim for delay of medical care must fail.

In sum, the motion by defendants Lee and Murphy for summary judgment shall be granted, and judgment shall be entered for the defendants. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the     19th     day of June, 2009.

           /s/ Sharion Aycock
           **U. S. DISTRICT JUDGE**